OPINION
{¶ 1} Teresa Lyons appeals a judgment of the Court of Common Pleas of Tuscarawas, Ohio, which affirmed the decision of appellee Tuscarawas Metropolitan Housing Authority terminating appellant from its Housing Choice Voucher Program. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO REVERSE TMHA'S DECISION DUE TO PROCEDURAL ERRORS IN THE ADMINISTRATIVE HEARING PROCESS.
 {¶ 3} "II. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO CONSIDER AND HOLD THAT MS. LYONS' (SIC) WAS DENIED DUE PROCESS RIGHTS.
 {¶ 4} "III. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO FIND THAT THE TMHA'S DECISION IS UNSUPPORTED BY A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE RECORD."
 {¶ 5} Although there was no transcript taken of the administrative hearing, the appellant did secure the hearing officer's handwritten notes of the informal hearings.
 {¶ 6} The record indicates TMHA had been providing housing assistance through the "Section 8" Housing Choice Voucher Program. Under this Program, TMHA paid appellant's rent and subsidized her utility payments.
 {¶ 7} At some point in time, TMHA believed appellant's boyfriend, William Juergens, was living with her. The Newcomerstown Ohio Police did an investigation, as *Page 3 
did a fraud investigator hired by TMHA. The matter was referred to prosecutor's office, but no action was taken.
 {¶ 8} On February 23, 2007, TMHA sent a letter to appellant notifying her that effective March 31, 2007, it was terminating her housing voucher assistance. The letter stated the reason for the termination was that Juergens was living in the home. Appellant requested an informal hearing. The record contains a handwritten document title "Discussion with Teresa Lyons, February 20, 2007 at 2:00 p.m." The notes indicate TMHA reviewed appellant's expenses and income and found the expenses exceeded her income. Appellant explained her child support award went up and Juergens did help with the expenses. Juergens is an "over the road trucker" who owns a mobile home. When asked if he lived with appellant when he was not working, appellant answered, "Yes", although she later clarified this to mean staying with her, not living with her. Appellant stated she let Juergens use her address because he could not receive mail at his mobile home.
 {¶ 9} On March 29, 2007, a second informal hearing was held. The handwritten notes from that hearing states the hearing officer, Claudia Duerr, asked what Juergens's principal address was. Appellant indicated he lives in a trailer in Kimbolton, Ohio, although he did stay with appellant from time to time.
 {¶ 10} Appellant advised the hearing officer Juergens lived at his trailer, but pays for her cell phone and for her son's cell phone. Juergens buys appellant cigarettes and gas for her car, but does not give her cash except perhaps $100 for miscellaneous things. *Page 4 
 {¶ 11} There was a discussion about the living conditions at Juergens's trailer, including some dispute as to whether the trailer was connected to utilities. Appellant testified Juergens had a wood burner for heat, used a gas generator for electricity, got water from appellant's mother, and used a bucket for toilet necessities.
 {¶ 12} On page two of the handwritten notes, the hearing officer advised appellant she would review all the evidence and would not terminate her based on just a phone allegation. She stated the investigation would continue to obtain more evidence.
 {¶ 13} Thereafter, on April 10, 2007, the hearing officer sent a letter to appellant upholding the original termination decision. The letter states a preponderance of the evidence shows Juergens did not live at the trailer, but rather, with appellant. The hearing officer found the explanations appellant had provided at the hearing seemed implausible.
 {¶ 14} Duerr's letter states after the hearing as part of her "investigation to verify information" [Duerr's words] appellant had given her, she personally viewed the boyfriend's mobile home, and saw evidence of a wood burner flue pipe and wood outside the home. However, she states pictures taken by the Guernsey County Sheriff in May of 2006, show there was no pipe in the evidence at the time. Duerr concluded it was added later and not used the prior winter as appellant had claimed. Duerr's letter alludes to an investigation by the Newcomerstown Police Department. Duerr also states she checked with Juergens's employer, who mails his paychecks to appellant's address. *Page 5 
 I, II, III {¶ 15} We will address all three of appellant's assignments of error together for purposes of clarity.
 {¶ 16} In the recent case of Henley v. City of Youngstown Board ofZoning Appeals, 90 Ohio St. 3d 124, 2000-Ohio-493, 735 N.E. 2d 433, the Ohio Supreme Court explained how courts review administrative proceedings. The common pleas court considers the entire record to determine if the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence, Henley at 147, citations deleted.
 {¶ 17} The Supreme Court found when an administrative appeal comes before a court of appeals, our power to review the court of common pleas' judgment is more limited in scope, and is confined to questions of law. This court does not have the common pleas court's extensive power to weigh the preponderance of substantial, reliable, and probative evidence. The Supreme Court reminded us not to substitute our judgment for that of the administrative agency or the trial court, Id., citations deleted.
 {¶ 18} TMHA asserts before the March 29, 2007 informal hearing, appellant was given the opportunity to review her file and the evidence pursuant to Section 982.555(e)(2)(i), Title 24C.F.R. The Rules of Evidence do not apply in these hearings, but factual determinations must be based on the preponderance of the evidence.
 {¶ 19} Appellant concedes she was permitted to review her TMHA file. However, appellant argues she was not given access to all the documents the hearing officer expressly cited in making her determination. *Page 6 
 {¶ 20} Appellant lists the documents not made available to her or presented at the hearing: (1) the photos of Juergens's mobile home, taken by the Guernsey County Sheriffs Department in May, 2006; (2) proof that electrical service to his home was established by the Guernsey Muskingum Electric Company in May 2006; (3) a document entitled "Teresa Lyons Approximate Timeline of Events" which includes the information (a) the Newcomerstown Police found Juergens is not residing with appellant; (b) the county prosecutor determined there was insufficient evidence to present the case to the grand jury; and (c) TMHA had hired a fraud investigator.
 {¶ 21} Appellant asserts some of the evidence TMHA did not provide with her was exculpatory, and could have led to the discovery of further exculpatory evidence. We agree.
 {¶ 22} TMHA argues appellant's due process rights were not violated because she was notified of the allegations against her. TMHA asserts the February 23 letter of termination provided Lyons with sufficient information to refute or deny the allegations against her. TMHA concedes its factual determination must be based on a preponderance of the evidence presented at the hearing. TMHA also concedes the complete file may not have been produced, and at the hearing it could not rely on any documents it had not made available to appellant. TMHA admits Ms. Duerr's decision makes it obvious she personally viewed Juergens' mobile home after the hearing.
 {¶ 23} We find Duerr stepped outside her role as hearing officer, and assumed the duties of an investigator by gathering evidence after the hearing to verify or refute appellant's statements. Duerr's letter informing appellant of her decision makes it clear she based her decision on information she gathered to corroborate, or discredit, the *Page 7 
evidence presented at the hearing. On the record before us, this court cannot find the preponderance of evidence presented at the hearing supports the decision. We conclude the trial court erred in affirming the decision to terminate appellant's benefits.
 {¶ 24} All of appellant's assignments of error are sustained.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 By Gwin, P.J., Edwards, J., and Delaney, J., concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1